IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARLOS RUBEN ZUNIGA,<br>Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:10-CV-786-Y |
| BOARD OF IMMIGRATION<br>APPEALS, *et. al.*<br>Respondents. | § § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus pursuant to Title 28 of the U.S.C. § 2241.

**B.    PARTIES**

Petitioner Carlos Ruben Zuniga, INS# A91-629-473, is a deportable alien who was removed from the United States on September 23, 2010. At the time this petition was filed, petitioner was incarcerated at FCI-Fort Worth serving a federal sentence.

Respondents are designated by petitioner as the Board of Immigration Appeals, the Office of the District Counsel, and the Department of Homeland Security.

## C. PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico, who entered the United States at or near El Paso, Texas, as an immigrant in 1982. (Resp's App. at 11) On August 2, 1988, he was granted temporary resident status, and, on January 5, 1990, his status was adjusted to that of a permanent resident. (*Id.*) On March 22, 1999, petitioner was convicted of aggravated assault in Tarrant County, Texas, and sentenced to four years' confinement. (*Id.*) Petitioner was also convicted of burglary of a vehicle and sentenced to two years' confinement. (Resp't Resp. at 2) Removal proceedings were initiated and, on September 27, 2000, petitioner was ordered removed from the United States. Petitioner waived an appeal. (*Id.* at 1, 6)

Thereafter, on October 18, 2006, petitioner pleaded guilty to illegal reentry after removal in this court and, on January 8, 2007, was sentenced to a term of 60 months. *United States v. Zuniga*, Criminal Action No. 4:06-CV-91-Y-1. On April 15, 2009, petitioner filed a motion to reopen the removal proceedings, which was denied as time-barred. (Pet., Ex. 3) Petitioner appealed the denial, which was dismissed by the Board of Immigration Appeals (the Board) on June 25, 2009, on the grounds that the removal proceedings had become administratively final on September 27, 2000, and petitioner failed to demonstrate the immigration judge erred in ruling his motion untimely filed. (Resp't, App. at 10) Petitioner was transferred from the custody of the Federal Bureau of Prisons to the custody of the Department of Homeland Security (the Department), having discharged his federal sentence, on September 2, 2010, and remained in custody of the Department until his removal on September 23, 2010. (Resp't App. at 1)

Petitioner filed this petition for writ of habeas relief on August 4, 2010, before he was removed, seeking a rehearing, a reopening of the removal proceedings, and a stay of deportation.

2

(Pet. at 6) Respondents have filed a response to the petition seeking dismissal of the petition because petitioner failed to name the proper party, the petition is now moot because petitioner has been removed from the United States, and/or the court lacks subject matter jurisdiction to review the order of removal. (Resp't Resp. at 1-2)

## D. ISSUE

In one ground, petitioner claims the immigration judge erred during the removal proceedings by failing to follow "Immigration Naturalization" regulations, in violation of his right to due process under the Fifth Amendment of the Constitution. (Pet. at 3)

## E. JURISDICTION

Section 106 of the REAL ID Act provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act* .... For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added); *see also Alvarado v. Holder*, No. 09-11084, 2010 WL 3448521 at *1 (5th Cir. Aug.30, 2010), *citing Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir. 2005) (noting that "sole means" available to Texas prisoner challenging final order of removal would be to file a petition for review in the appropriate court of appeals). Absent a statute or controlling legal authority that creates an exception to the jurisdiction stripping provisions of the REAL ID Act, this court lacks subject matter jurisdiction over petitioner's claim and cannot grant the relief requested.

3

## II. RECOMMENDATION

It is recommended that petitioner's petition for writ of habeas corpus under § 2241 be DISMISSED for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 22, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until August 22, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August ___/___, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE